United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| JOHN W. HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-cv-00039 |
| | § | |
| CITY OF SHINER, TEXAS; OFFICER | § | |
| LAWRENCE ROBLES; LAVACA | § | |
| COUNTY, TEXAS; RICHARD BROWN; | § | |
| EDWARD PUSTKA; SHANA OPELA; | § | |
| and JOHN and JANE DOES 1-10, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In 2019, John Harrington filed a lawsuit in federal court against the City of Shiner, Lavaca County, County officials Richard Brown and Edward Pustka, police officer Lawrence Robles, and John and Jane Does 1–10, in an action styled *John W. Harrington v. City of Shiner, Texas and Shiner Police Department and Lawrence Robles, et al.*, Civil Action No. 6:19-CV-81.  Harrington brought a claim under 42 U.S.C. § 1983 against these Defendants for allegedly violating his constitutional rights, along with certain state law claims.  The Defendants filed a motion to dismiss, and a district court dismissed the lawsuit for lack of subject matter jurisdiction.  The district court held that Harrington's claims did not raise a federal question because he did not allege specific federal or constitutional violations.  The district court also denied Harrington leave to amend and issued a separate final judgment closing the action.  Harrington then filed this case in state court, alleging essentially the same causes of action but with more specificity as to

which constitutional rights the Defendants violated.  After the Defendants removed the case to this Court, Harrington filed a Motion to Remand and for Attorney's Fees, arguing that the district court's dismissal of the prior action has *res judicata* effect as to this Court's jurisdiction.  The Defendants, for their part, argue that this Court has federal question jurisdiction over Harrington's Section 1983 claim and supplemental jurisdiction over the state law claims.  But they also raise a *res judicata* argument of their own, contending that the district court's order effectively ruled on the merits of the prior Section 1983 claim. They now seek to dismiss the lawsuit with prejudice as being barred by *res judicata* in addition to asserting other pleading deficiencies.  The Court ordered the Parties to submit briefing to answer specific questions about to the district court's previous dismissal order and the finality of judgment in the prior case, and the Parties complied.  For the reasons stated below, the Court finds that it has subject matter jurisdiction over this Section 1983 claim, and therefore **DENIES** Harrington's Motion to Remand.  The Court will enter a separate Order on the Defendants' Motions to Dismiss.

## I.    BACKGROUND

In 2013, John Harrington moved from California to the City of Shiner, Texas, where he owns and manages Shield Tactical, a gun shop and training center.  (Dkt. No. 1-2 at ¶¶ 4.1–4.2).  Shortly after moving to Texas, Harrington claims to have had several negative incidents with police officers and elected officials in the City of Shiner and Lavaca County.  (*Id.* at ¶¶ 4.4–4.63).  These incidents prompted him to file a lawsuit against the City, the County, County officials Brown and Pustka, and Officer Robles. *Harrington v. City of Shiner*, No. 6:19-CV-00081 (S.D. Tex. Sept. 9, 2019), ECF No. 1.  In that

suit, Harrington pleaded a cause of action under 42 U.S.C. § 1983 as well as various other state law claims. *Id.* With respect to his Section 1983 claim, he alleged that the "Defendants . . . acting under color of state law, within this jurisdiction[,] subjected Plaintiff to the depravation of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983." *Id.* at ¶¶ 4.1.1–4.1.4. Disputing Harrington's claims, the Defendants moved to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *Harrington v. City of Shiner*, No. 6:19-CV-00081 (S.D. Tex. Nov. 25, 2019), ECF No. 7.

On March 20, 2020, the district court, with Judge Kenneth M. Hoyt presiding, granted dismissal. *Harrington v. City of Shiner*, No. 6:19-CV-00081, 2020 WL 1430010 (S.D. Tex. Mar. 20, 2020) ("*Harrington I*"). The district court dismissed the Section 1983 claim for lack of subject matter jurisdiction, and additionally dismissed the state law claims for lack of supplemental or diversity jurisdiction. *Id.* at *3. The district court held that a federal question did not exist in Harrington's complaint since it "lacks specificity as to how 42 U.S.C. § 1983—the basis of his complaint applies to the facts he has presented" and that "[h]e has failed to identify any constitutional or federal law violation." *Id.* Judge Hoyt also denied Harrington the opportunity to replead.[1] *Id.* Notably, the court entered

---

[1]     Harrington never filed a motion to amend his complaint, but he made general requests to amend in the alternative in each Response in Opposition to Motion to Dismiss. *See, e.g.,* (Dkt. No. 13 at ¶ 13) ("In the alternative… Plaintiff would respectfully request of this Court the opportunity to replead consistent with the Court's ruling."); (Dkt. No. 14 at ¶ 18) ("In the event the Court believes Plaintiff's pleadings are not sufficient under Rule 8 or otherwise, then Plaintiff would request permission to amend under Rule 15(a)(2)."). Harrington did not attach a proposed amended complaint to either Response.

a separate final judgment, in which the court specified that Harrington "shall take nothing by his suit."[2] *Harrington v. City of Shiner*, No. 6:19-CV-00081 (S.D. Tex. Mar. 20, 2020), ECF No. 24.

After the dismissal, Harrington filed this case in state court. (Dkt. No. 8 at 1–2). Like the prior complaint, the refiled version alleges Section 1983 claims along with other state law claims against the Defendants.[3] (Dkt. No. 1-2 at ¶¶ 5.1–5.13.3). But this time, Harrington specifically stated which of his constitutional rights were allegedly violated. He now alleges that the City of Shiner and Lavaca County violated his Equal Protection and Due Process rights as well as his Fourth Amendment right to be free from unlawful searches and seizures. (*Id.* at ¶¶ 5.1.1–5.2.5, 5.4.1–5.5.2). He further alleges that Officer Robles violated his "Constitutional right to liberty" by initiating a prosecution without probable cause, (*Id.* at ¶¶ 5.3.1–5.3.4), and Defendants Pustka, Brown, and Opela violated his Equal Protection and Due Process rights, (*Id.* at ¶¶ 5.6.1–5.6.6).

The Defendants removed the complaint to this Court under 28 U.S.C. §§ 1331, 1441, and 1446, (Dkt. No. 1), and subsequently filed separate Motions to Dismiss. (Dkt. No. 3); (Dkt. No. 12). In these Motions, the Defendants allege that *Harrington I* has *res judicata* effect on the merits of this action and Harrington fails to state a plausible claim. (*Id.*). Harrington filed a Motion to Remand, arguing that the Court does not have subject matter jurisdiction to preside over the matter since *Harrington I* precludes jurisdiction

---

[2]    "Pursuant to the Memorandum Opinion and Order entered in this case, . . . the [D]efendants'. . . motion to dismiss is GRANTED. . . . The [P]laintiff . . . shall take nothing by his suit.  This is a Final Judgment."

[3]    Harrington also added County official Opela as a party-defendant. (Dkt. No. 1-2).

over this action.   (Dkt. No. 8).   The Defendants oppose remand, arguing that the Complaint alleges "specific violations" of Harrington's constitutional rights.  (Dkt. No. 11 at 2).

The Court ordered briefing on subject matter jurisdiction and ordered the Parties to answer the following: (1) Was *Harrington I* dismissed with or without prejudice? (2) Did the district court rule on the merits in *Harrington I*? (3) What impact the separate final judgment had, if any, on the district court's dismissal? (4) If Harrington's prior Section 1983 claim was dismissed because of the insufficiency of the allegations, could Harrington supplement the facts alleged in an amended complaint to cure the deficiency? (5) If the answer to Question 4 is "yes," can such an amended complaint be filed in this Court, or must it be filed in another forum? (6) If the answer to Question 4 is "no," what remedy was available to Harrington or what procedure should he have followed that he did not? Finally, (7) if the Court dismisses the Section 1983 claims, what is the proper disposition of the remaining claims?  (Dkt. No. 19 at 1).  The Parties have filed their briefs, and the Motion to Remand is ripe for review.  (Dkt. No. 20); (Dkt. No. 23); (Dkt. No. 24).

## II.   DISCUSSION

### A.   WHETHER FEDERAL QUESTION JURISDICTION IS INVOKED IN ANY OF HARRINGTON'S PRESENT CLAIMS

Federal courts have limited subject matter jurisdiction and cannot preside over cases unless authorized by the Constitution or statute.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  "A district court has removal jurisdiction in any case where it has original jurisdiction."  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing 28 U.S.C.

§ 1441(a)).   The district court's original jurisdiction may be either "federal-question jurisdiction" under 28 U.S.C. § 1331 or "diversity jurisdiction" under 28 U.S.C. § 1332(a). Only the Court's federal question jurisdiction is implicated here.

A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  "The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).  The well-pleaded complaint rule recognizes that the plaintiff is the "master of the claim," and may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003).  To determine whether federal jurisdiction exists, the court looks to the record in the state court at the time of removal.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To prove a Section 1983 claim, a plaintiff must demonstrate: (1) a violation of the United States Constitution or federal law; and (2) that the violation was committed by someone acting under the color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

In this case, Harrington does indeed plead numerous Section 1983 claims against each of the Defendants, clearly alleging the specific constitutional rights he claims were violated.  *See* (Dkt. No. 1-2 at ¶¶ 5.1–5.6.6).  Section 1983 is a federal statute providing federal subject matter jurisdiction.  *See Livadas v. Bradshaw*, 512 U.S. 107, 132, 114 S.Ct. 2068, 2082, 129 L.Ed.2d 93 (1994).  Thus, it is clear that these claims invoke federal question jurisdiction.

### B.    THE EFFECT OF *HARRINGTON I* ON THESE SECTION 1983 CLAIMS

Since federal subject matter jurisdiction arises from Harrington's Section 1983 claims, the question before the Court is: what effect does *Harrington I* have over them? Harrington points out that the *Harrington I* court dismissed the case under Rule 12(b)(1) for lack of subject matter jurisdiction.  (Dkt. No. 20 at 1–2).  And since the dismissal was under Rule 12(b)(1), Harrington argues, it was effectively a dismissal without prejudice and is *res judicata* only to this Court's jurisdiction.  *(Id.* at 3–4).  The separate final judgment, Harrington further contends, was "purely ministerial."  (*Id.* at 7).  In other words, Harrington claims that he may pursue the action in state court but not in this Court.

The Defendants, on the other hand, argue that this Court has federal question jurisdiction over this Section 1983 claim, (Dkt. No. 11), but the Court should nevertheless *dismiss* Harrington's claims under *res judicata*.  (Dkt. No. 23 at ¶¶ 2–3; Dkt. No. 24 at 6, 8–10).  They argue that the *Harrington I* court's dismissal was *with* prejudice, and therefore has preclusive effect in this case for two reasons: (1) *Harrington I* was a dismissal on the merits under Rule 12(b)(6) because the district court reasoned that the prior Section 1983

claim lacked specificity, and did not grant leave to amend, (Dkt. No. 24 at 2–3); and (2) the district court separately issued a "take nothing" final judgment terminating *Harrington I* that clearly extended prejudicial effect (Dkt. No. 23 at 1).

The Parties' disagreement on subject matter jurisdiction stems from two different interpretations of the *Harrington I* dismissal.  If the dismissal was under Rule 12(b)(1), then it follows that the dismissal was *without* prejudice and the *res judicata* effect is confined to the Court's jurisdiction over the claims that were found to be jurisdictionally deficient in *Harrington I*.  *See Griener v. United States*, 900 F.3d 700, 705 (5th Cir. 2018) ("A dismissal for want of jurisdiction bars access to federal courts and is *res judicata* only as to the lack of a federal court's power to act.  It is otherwise without prejudice to the plaintiff's claims.").  If the dismissal was, in reality, under Rule 12(b)(6), then that dismissal was on the merits, *see Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), and *with* prejudice because the *Harrington I* court did not grant Harrington leave to amend the previous complaint.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (holding that "in the absence of any apparent or declared reason . . . [leave to amend], as the rules require, [should] be 'freely given,' but that "the grant or denial of an opportunity to amend is within the discretion of the District Court," subject to review for abuse of discretion); *Rodriguez v. CitiMortgage, Inc.*, No. SA-14-CA-172-FB, 2014 WL 12496573, at *3 (W.D. Tex. Oct. 16, 2014) ("If allegations state no cause of action upon which relief can be granted and are not susceptible to being pled better, then permitting plaintiff to amend pleadings would be futile and dismissal with prejudice is warranted." (citation omitted)).

8

There is no ambiguity as to how the *Harrington I* court disposed of Harrington's prior complaint.  The *Harrington I* court made its ruling clear when the court, after analyzing whether Harrington raised a federal question, stated, "[h]Having addressed the Court's original jurisdiction under 28 U.S.C. § 1331, the Court now considers . . . ." 2020 WL 1430010, at *3.  Even at the very beginning of the dismissal order, the district court explicitly stated, "The Court's determination was made pursuant to Federal Rule of Civil Procedure 12(b)(1).  Since the Court lacks subject matter jurisdiction, Harrington's claims against all parties, including the City of Shiner and Lawrence Robles fail."  *Id.* at *1 n.1.  Moreover, the district court wrote in its conclusion that "Harrington's complaint fails to establish federal question jurisdiction or diversity jurisdiction.  Therefore, no subject matter jurisdiction exists over this case."  *Id.* at *3.  The district court clearly dismissed the complaint under Rule 12(b)(1).

The Defendants, however, argue that the district court's dismissal of Harrington's suit was for failure to state a claim under Rule 12(b)(6) because the court (1) stated that "Harrington has failed to identify any constitutional violation that resulted from [the Defendants'] conduct"; (2) concluded that Harrington's Section 1983 claim "lacked specificity" as to which specific constitutional rights were alleged to be violated; (3) and denied Harrington's motion for leave to amend.  (Dkt. No. 24 at 2–5).   But even if *Harrington I* erred in dismissing the case on 12(b)(1) grounds as the Defendants imply, this Court does not have authority to pass judgment on *Harrington I*'s disposal of the previous case.  *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals *from all final decisions* of the district courts of the United States . . . ." (emphasis

added)).   Consequently, the Court may not "revisit" *Harrington I*'s holding and reinterpret it as a dismissal under Rule 12(b)(6).

Further, even if the disposition of *Harrington I* was ambiguous, the Court still construes the dismissal as one made under Rule 12(b)(1).  "Generations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) and 12(b)(6) in federal question cases[.]"  *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).  "[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit."  *Hood*, 327 U.S. at 681–82, 66 S.Ct. at 776.  The two exceptions are where the federal question (1) "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," and (2) "where such a claim is wholly insubstantial and frivolous."  *Id.*  This means that federal claims that are "patently without merit . . . justify the district court's dismissal for want of jurisdiction."  *Suthoff v. Yazoo Cnty. Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981); *see also Giulini v. Blessing*, 654 F.2d 189, 192 (2d Cir. 1981) (A complaint brought under Section 1983 alleging constitutional rights violations "may not be dismissed for lack of jurisdiction unless it appears that the claim is patently frivolous or wholly insubstantial." (citing *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), and *Hood*, 327 U.S. at 681–82, 66 S.Ct. at 775–76)).  These exceptions "are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is *clearly immaterial or insubstantial*."  *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981) (emphasis added).

By way of example, consider *Woods v. Wal-Mart, Inc.*, where the district court dismissed a case under Rule 12(b)(1) after finding that the plaintiff's Section 1983 claim did not raise a federal question.  No. 7:18-CV-00005-DC, 2018 WL 8996624 (W.D. Tex. Aug. 14, 2018).  The plaintiff had alleged that Wal-Mart and its employees were negligent in placing an "advertisement carboard" that fell and hit his right eye.  *Id.* at *1. Interestingly, the plaintiff brought the negligence claim under Section 1983 and the Federal Tort Claims Act.  *Id.* at *1–4.  The district court dismissed the claim, holding that "it is clear from the face of the complaint that Wal-Mart is a private company, and its arguable negligence regarding the advertising sign placement was not done under the 'color' of the law, but rather in its private capacity."  *Id.* at *3.  The Court added that "[e]ven though it is possible for a non-state actor such as Wal-Mart to be held liable under a § 1983 claim, Plaintiff's conclusory allegations are insufficient."  *Id.*  Due to the obvious disjunction between Section 1983 and the plaintiff's factual allegations, the district court concluded that it did not have subject matter jurisdiction over the Section 1983 claim.  *Id.* ("Plaintiff's Complaint, as amended, alleged neither state action, nor any constitutional violations by a person acting under color of state law . . . . Therefore, this Court does not have subject matter jurisdiction over Plaintiff's § 1983 claims against Wal-Mart or its employees.").

With regard to Harrington's Section 1983 claim in *Harrington I*, his dismissed complaint solely alleged that the "Defendants . . . acting under color of state law, within this jurisdiction[,] subjected Plaintiff to the depravation of his rights, privileges, and/or immunities secured by the Constitution and laws of the United States in violation of 42

U.S.C. § 1983." *Harrington v. City of Shiner*, No. 6:19-cv-00081 (S.D. Tex. Sept. 9, 2019), ECF 1 at ¶¶ 4.1.1–4.1.4. As discussed, *Harrington I* was clearly dismissed under Rule 12(b)(1). 2020 WL 1430010, at *1 n.1 (stating that the "determination [for dismissal] was made pursuant to Federal Rule of Civil Procedure 12(b)(1)").

But for their part, the Defendants substantially rely on *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882 (11th Cir. 2013), to argue that *Harrington I* was dismissed under Rule 12(b)(6). (Dkt. No. 24 at 3). In *Lobo*, the plaintiffs alleged that the defendant breached its duty of fair representation under the National Labor Relations Act ("NLRA"). 704 F.3d at 886. The district court originally dismissed the plaintiff's claims under Rule 12(b)(1), holding that the NLRA was inapplicable to the plaintiffs' claims, and thus, the claims did not invoke federal question jurisdiction. *Id.* at 887, 891. The Eleventh Circuit disagreed, holding that because the plaintiff "sufficiently alleged a breach of the federal common law duty of fair representation under the NLRA, the District Court had subject matter jurisdiction to hear the case under 28 U.S.C. § 1331." *Id.* at 891. The dismissal was ultimately affirmed on 12(b)(6) grounds because the plaintiff failed to state a plausible claim. *Id.*

Unlike *Lobo*, the *Harrington I* court did not solely find that Section 1983 was inapplicable to the claim Harrington attempted to plead. To be sure, Harrington was claiming that his constitutional rights were violated by state actors. *Harrington v. City of Shiner*, No. 6:19-cv-00081 (S.D. Tex. Sept. 9, 2019), ECF 1 at ¶¶ 4.1.1–4.1.4. But the district court concluded that federal question jurisdiction did not arise from Harrington's Section 1983 claim because there was simply no connection between the facts he alleged—

regardless of whether they were conclusory or not—and this statute. *Harrington I*, 2020 WL 1430010, at *3. Importantly, the district court found that Harrington did not allege a specific constitutional right that the Defendants may have violated when he was pursuing a claim under Section 1983—which *requires* a constitutional rights violation. *Id.* As the district court noted, Harrington "failed to identify any constitutional violation" from the Defendants' alleged conduct. *Id.*

When the district court held that Harrington's Section 1983 claim "lacked specificity" as to what rights the Defendants infringed, the Defendants took this as a dismissal for failure to state a claim. (Dkt. No. 24 at 3). But the lack of specificity the district court referred to was with respect to how Harrington's Section 1983 claim "applie[d] to the facts" he presented. *Harrington I*, 2020 WL 1430010, at *3. In other words, Harrington failed, not in stating conclusory or vague facts to support his Section 1983 claim, but in showing that the Section 1983 claim was not frivolous, insubstantial, or patently without merit given the facts that he *did* allege. *See Hood*, 327 U.S. at 681–82, 66 S.Ct. at 775–76; *Suthoff*, 637 F.2d at 340. Thus, the district court concluded that the claim did not raise a federal question given the lack of a foundation for the Section 1983 claim— that is, an alleged constitutional rights violation—as well as the lack of any factual allegations that could even imply the applicability of the statute.

Further, the Court is unpersuaded by the Defendants' argument that the district court's denial of leave to amend necessarily means that the *Harrington I* dismissal was on the merits. (Dkt. No. 24 at 3–5). The fact that the district court did not grant an opportunity for Harrington to amend means only that it either (a) strictly followed

Federal Rule of Civil Procedure 12(h)(3) requiring dismissal of a case when it does not invoke subject matter jurisdiction, or (b) determined that Harrington could not cure the pleading deficiency the court found—namely, the jurisdictional issue the district court based its dismissal on—when considering Harrington's request for leave.[4]

As the Federal Rules require, when, "at any time," a court discovers that it lacks subject matter jurisdiction, "the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  One district court held that it could not consider a motion to amend a complaint to cure existing jurisdictional deficiencies because in-circuit precedent "envisioned the filing of a new action following a 12(b)(1) dismissal without prejudice" as the proper attempt to remedy the deficiencies, as opposed to amending the complaint. *Com. Warehouse Leasing, LLC v. Ky. Transp. Cabinet*, No. 4:18-CV-00045-JHM, 2018 WL 3747466, at *2 & n.3 (W.D. Ky. Aug. 7, 2018).  But another district court in the Fifth Circuit noted that "courts *may* deny leave to amend when a proposed amended complaint does not resolve the issues of subject-matter jurisdiction."  *Chandler v. United States*, 338 F. Supp. 3d 592, 600 (N.D. Tex. 2018) (emphasis added) (quotations omitted).  This means, contrary to *Commercial Warehouse Leasing*, if a plaintiff shows that a jurisdictional deficiency could be cured by an amended complaint, a court may, in fact, grant leave to amend.

---

[4]    In his brief responding to the Defendants' motion to dismiss in *Harrington I*, Harrington stated: "In the event a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice."  *Harrington v. City of Shiner*, No. 6:19-CV-00081 (S.D. Tex. Jan. 15, 2020), ECF 13 at ¶ 31.  Harrington did not attach a proposed amended complaint to show how any pleading deficiencies—jurisdictional or otherwise—could be resolved.

For the Court's analysis, these holdings directly illustrate that the *Harrington I* court dismissed the action because it either found that, similar to *Chandler*, amending the complaint to cure the jurisdictional deficiency would be futile, or decided, like in *Commercial Warehouse Leasing*, that the proper course of action to cure the jurisdictional issue was through a repleading of the whole complaint.  Either way, the denial of leave to amend does not establish that the district court dismissed Harrington's prior complaint on the merits for failure to state a claim.

### C.   THE EFFECT OF THE FINAL JUDGMENT IN *HARRINGTON I*

Because *Harrington I* dismissed Harrington's Section 1983 claim for lack of subject matter jurisdiction, that claim was dismissed without prejudice.  *Griener*, 900 F.3d at 705. As such, determining the effect of *Harrington I*'s effect on these Section 1983 claims should be a straightforward proposition: Harrington may replead his claim in the proper forum since the *res judicata* effect of that decision is only confined to the jurisdictional issue litigated.  *See id.*  But a separate final judgment was also filed that disposed of and terminated the lawsuit.  *Harrington v. City of Shiner*, No. 6:19-cv-00081 (S.D. Tex. Mar. 20, 2020), ECF 24.  Given the final judgment, it seems that *Harrington I*'s resolution "looks both ways," as it was dismissed without prejudice, which is "ordinarily a nonfinal decision," and it was also disposed of with the finality a separate final judgment confers. *See Umbrella Inv. Grp., L.L.C. v. Wolters Kluwer Fin. Servs., Inc.*, 972 F.3d 710, 712 (5th Cir. 2020).  Acknowledging this seemingly contradictory outcome, the Court now turns to whether the final judgment added preclusive effect to the district court's Rule 12(b)(1) dismissal.

Harrington argues that the separately filed final judgment was merely "entered pursuant to the 'separate document' requirement of Rule 58 [of the Federal Rules of Civil Procedure]." (Dkt. No. 20 at 7). As such, he argues that the final judgment did not have preclusive effect on any subsequent Section 1983 claims he may bring against the Defendants arising out of the same incidents. (*Id.*). The Defendants disagree, contending that the "take nothing" final judgment served to render the dismissal with prejudice. (Dkt. No. 23 at 1–2). This view is proper, they argue, since a final judgment "puts an end to the controversy between the parties . . ., disposing of the whole merits of the controversy or of some independent, unrelated portion of it, leaving nothing to be judicially determined, with nothing remaining to be done but to enforce by execution what has been determined." (*Id.* at 1).

The Fifth Circuit has ruled that it is improper to dismiss a party or a claim with prejudice for lack of subject matter jurisdiction. *See Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) ("We agree with our prior cases that have precluded district courts from dismissing plaintiffs' claims with prejudice when the basis for the dismissal is lack of subject-matter jurisdiction under Rule 12(b)(1)."); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (finding that, because dismissal under Rule 12(b)(1) is not a disposition on the merits, dismissal of a nondiverse party for lack of subject matter jurisdiction "must be a dismissal *without* prejudice in every instance"); *Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456–57 (5th Cir. 2013) (per curiam) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it. Our precedent does not sanction the practice,

and we will not do so here.").  Still, the Federal Rules of Civil Procedure provide that, generally, "[e]very judgment and amended judgment must be set out in a separate document[.]"  Fed. R. Civ. P. 58(a).  A final judgment disposing of a plaintiff's claims is construed as an appealable final decision, serving to open the doors for the losing party to appeal.  *Arnold v. Williams*, 979 F.3d 262, 266 n.3 (5th Cir. 2020) (finding that a plaintiff's claims that were involuntarily dismissed "without prejudice to the filing of a motion for leave to amend" constituted an appealable final decision because plaintiff declined to file a motion for leave to amend and the final judgment disposed of the matter in its entirety); *Wolters Kluwer*, 972 F.3d at 712 ("[A] judgment dismissing all claims is a judgment dismissing an action . . . . 'The dismissal of an action—whether with or without prejudice—is final and appealable.'" (quoting *Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004)).

To illustrate this rule, the Fifth Circuit in *Wolters Kluwer* cited to *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003), a case where "the district court dismissed a 'complaint' 'without prejudice,' ordinarily a nonfinal decision, while issuing a 'final' judgment in the defendants' favor under Rule 58."  *Wolters Kluwer*, 972 F.3d at 712.  *Hoskins* had held that when a district court's resolution of a case "looks both ways," "the only safe route is to treat it as final: the alternative lays a trap for unwary (or even wary) litigants, who may forego appeal in reliance on the 'without prejudice' language only to learn later . . . that the original order was appealable and the time for appellate review has lapsed."  *Hoskins*, 320 F.3d at 764.

Following the rule explained in *Williams*, *Wolters Kluwer*, and *Hoskins*, a separately filed final judgment thereby provides finality *for appellate purposes*. But these cases do not hold that a final judgment adds preclusive effect to a dismissal that was contemplated without prejudice, such as a Rule 12(b)(1) dismissal. Indeed, the Fifth Circuit has explained that a dismissal of an action "is final and appealable," *regardless* of whether the dismissal was "with or without prejudice." *Wolters Kluwer*, 972 F.3d at 712; *see also Swope v. Columbian Chems. Co.*, 281 F.3d 185, 193 (5th Cir. 2002) ("[A] party seeking to create finality through dismissal without prejudice of remaining claims must file for Rule 54(b) certification with the trial court. This permits a trial court to control its docket and make an independent determination whether an appeal is warranted under the circumstances of the case."); *West v. Ford Motor Co.*, No. 2:13cv173-KS-MTP, 2014 WL 1569565, at *2 (S.D. Miss. Apr. 17, 2014) (dismissing in part the plaintiff's claims without prejudice and issuing a "separate final judgment . . . pursuant to Federal Rule of Civil Procedure 58" as to the dismissed claims).

In this case, because Harrington's claims were dismissed for lack of subject matter jurisdiction, that dismissal was without prejudice. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985). The separate final judgment served to give finality to the dismissal insofar as Harrington could appeal the decision. But, as discussed, the final judgment did not convert the 12(b)(1) dismissal *without* prejudice to a dismissal *with* prejudice. Thus, the Court finds that *Harrington I*'s dismissal was without prejudice, despite the separately filed final judgment, and Harrington may pursue his claims in the proper court. *See Nilsen v. City of Moss Point*, 674 F.2d 379, 382 (5th Cir. 1982) (finding that

18

a Rule 12(b)(1) dismissal "is not a bar to a later action brought in a court of competent jurisdiction on the same claim").

### D.   WHETHER *HARRINGTON I*'S RULING ON SUBJECT MATTER JURISDICTION BARS THIS COURT'S JURISDICTION OVER THE SECTION 1983 CLAIMS

The remaining question is whether this case should be litigated in this Court or in state court.  Harrington argues that the prior 12(b)(1) dismissal precludes this Court from exercising jurisdiction over this case—even though the Complaint clearly invokes federal law through the Section 1983 claims—and that a state court is the proper venue for the lawsuit.  (Dkt. No. 8 at 3–5).  The Defendants counter by arguing that subject matter jurisdiction exists for the suit because the Complaint alleges specific constitutional rights violations that have been pleaded in connection with Harrington's Section 1983 claims.  (Dkt. No. 11 at ¶¶ 1–2).  With this in mind, the Court turns to whether *res judicata*, or more precisely, claim preclusion, bars jurisdiction.

*Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999).  "The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  The party asserting that *res judicata* applies has the burden of proving preclusion is appropriate.  *See Memphis-*

*Shelby Cnty. Airport Auth. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1289 (5th Cir. 1986).

In the context of Rule 12(b)(1) dismissals, *res judicata* applies only to a court's jurisdiction over the once-dismissed claims. *Griener*, 900 F.3d at 705. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit[s] so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam). For instance, in *Locke v. City of Corpus Christi*, the district court found that the plaintiff's claims of constitutional rights violations, against the same parties, were barred by *res judicata* after the same claims were dismissed for lack of subject matter jurisdiction in two prior cases. No. 2:06-CV-305, 2006 WL 2670982, at *3–4 (S.D. Tex. Sep. 18, 2006). In the prior actions, the plaintiff had attempted to bring the same claims against the City of Corpus Christi. *Id.* But the claims were dismissed because the courts determined that they lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at *2. The plaintiff did not appeal the dismissals in either case, and the district court concluded that the prior dismissals "bar the Plaintiff from re-litigating the subject matter jurisdiction issue in another complaint." *Id.* at *4.

A prior dismissal for lack of subject matter jurisdiction, nevertheless, permits a subsequent action that cures the material deficiencies of the first. *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955); *see Fallon*, 1998 WL 120362, at *2 (finding that a prior Rule 12(b)(1) dismissal "permits a second action on the same claim that corrects the deficiency

found in the first action" (quoting 18 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 4436 (1981)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (finding that dismissal of an earlier action for lack of subject matter jurisdiction "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court" and that "[t]he *res judicata* effect . . . is consequently limited to the jurisdictional issue").  As the Fifth Circuit has stated, "[r]elitigation of an issue is not precluded *unless the facts* and the legal standard used to assess them *are the same in both proceedings*."  *In re Southmark Corp.*, 163 F.3d at 932 (emphasis added).

*Estevez v. Nabers* helpfully illustrates this principle.  219 F.2d 321.  In that case, plaintiff Estevez, a Honduran citizen, initially filed an action against defendant Nabers's predecessor at the Immigration and Naturalization Service, seeking review of an exclusion order that the INS issued against Estevez.  *Id.* at 322.  That case was dismissed for lack of a justiciable controversy, a "jurisdictional requirement" under Article III.[5]  *Id.* at 322–23. Estevez repleaded and filed another, largely identical action against Nabers. *Id.* at 322.  In reviewing the second action, the Fifth Circuit noted that "if the complaint in the later action contains further allegations, the omission of which made the complaint in the first action demurrable, the judgment in the first action is not a bar to the second action, even though the plaintiff has failed to avail himself of permission to amend."  *Id.*

---

[5]   "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'"  *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'"  *United States v. Juvenile Male*, 564 U.S. 932, 936, 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997)).

at 323. "The cardinal principle," the Fifth Circuit explained, "is that the second action is precluded unless the new allegations supply a material deficiency of the complaint in the first action." *Id.*   The court, however, still observed that the second action lacked a justiciable controversy, much like the first. *Id.* The Fifth Circuit thus applied *res judicata* to the repleaded complaint since the allegations in it were not "materially different" from the originally dismissed complaint. *Id.* at 324.

Here, Harrington corrects the jurisdictional deficiency the *Harrington I* court found. In the prior case, the district court dismissed the case under Rule (12)(b)(1) because Harrington's claim "lack[ed] specificity as to how" Section 1983 applied to the alleged facts since Harrington "failed to identify any constitutional or federal law violation." *Harrington I*, 2020 WL 1430010, at *3. Put differently, Harrington's deficiency was in his failure to allege *any* constitutional rights that the Defendants may have violated that could be redressed by his Section 1983 claim. Conversely, in the instant case, Harrington's Complaint alleges the following claims under Section 1983: (1) the City of Shiner violated his Equal Protection, Due Process, and Fourth Amendment rights, (Dkt. No. 1-2 at ¶¶ 5.1.1–5.2.5); (2) Officer Robles violated his "Constitutional right to liberty" by "commenc[ing] and proceed[ing] with multiple criminal proceedings" against him, (*Id.* at ¶¶ 5.3.1–5.3.4); (3) Lavaca County violated his Equal Protection, Due Process, and Fourth Amendment rights, (*Id.* at ¶¶ 5.4.1–5.5.2); and (4) Defendants Pustka, Brown, and Opela violated his Equal Protection and Due Process rights (*Id.* at ¶¶ 5.6.1–5.6.6).

Unlike before, Harrington has stated the constitutional rights that the Defendants are alleged to have violated. For purposes of subject matter jurisdiction, the deficiencies

22

the district court originally found are not present in the current Complaint.  Thus, *res judicata* does not bar this Court's exercise of subject matter jurisdiction.  This Court is the proper forum to litigate Harrington's constitutional rights claims.  Whether Harrington does, in fact, state plausible claims given the facts he has alleged is another matter altogether, which the Court will review and determine in a separate order.

## III.    CONCLUSION

For the foregoing reasons, the Court finds that it has jurisdiction over this action. Accordingly, the Court **DENIES** Harrington's Motion to Remand.  (Dkt. No. 8).  The Court will issue a separate Order with respect to the Defendants' Motions to Dismiss.

It is SO ORDERED.

Signed on September 30, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

23