United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN W HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00039 |
| | § | |
| CITY OF SHINER, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendants City of Shiner and Lawrence Robles' (collectively the "City") Motion to Dismiss and Defendants Lavaca County, Richard Brown, Edward Pustka, and Shana Opela's (collectively the "County") Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff John Harrington's Responses and Replies from the City and County. (D.E. 37; D.E. 38; D.E. 41; D.E. 42; D.E. 46 and D.E. 47). For the reasons stated below, the undersigned recommends that the City's Motion to Dismiss as to Officer Lawrence Robles be **DENIED**, but otherwise be **GRANTED**. (D.E. 37). The undersigned further recommends that the County's Motion to Dismiss be **GRANTED**. (D.E. 38). If the Court adopts this recommendation, the only remaining claims will be against Defendant Robles in his individual capacity.

## I.    PROCEDURAL BACKGROUND[1]

On March 20, 2020, Plaintiff's previous federal suit filed in 2019 against the City and County[2] was dismissed for lack of jurisdiction.  (Case No. 6:19-cv-81, D.E. 23).  In that case, the district court determined Plaintiff's claims failed to establish jurisdiction, denying Plaintiff leave to amend and entering final judgment.  (Case No. 6:19-cv-81, D.E. 24).  Specifically, the district court determined Plaintiff's complaint "lack[ed] specificity as to how 42 U.S.C. § 1983-the basis of his complaint applies to the facts he has presented," "fail[ing] to identify any constitutional or federal law violation."  (Case No. 6:19-cv-81, D.E. 23, Page 6).  Two months later, on May 14, 2020, Plaintiff filed this suit in state court and it was removed on June 11, 2020.  (D.E. 1 and D.E. 1-2).  Denying Plaintiff's Motion to Remand, this Court held it has subject matter jurisdiction over Plaintiff's claims as he has now specifically stated which of his constitutional rights were allegedly violated by the City and the County.  (D.E. 26, Pages 22-23).  This Court further held that "[w]hether Harrington does, in fact, state plausible claims given the facts he has alleged is another matter altogether…"  (D.E. 26, Page 23).  On December 14, 2021, the undersigned denied Defendants' motions to dismiss as moot, permitting Plaintiff to amend his complaint.  (D.E. 35).  The undersigned held, "Plaintiff is given this opportunity to plead his best case and is cautioned the Court likely will not allow further substantive amendments.  All claims

---

[1] A detailed background is contained in this Court's September 30, 2021 Order and therefore, need not be repeated here at length.  (D.E. 26, Pages 2-5).

[2] Plaintiff's 2019 lawsuit brought a claim under 42 U.S.C. § 1983 against the City of Shiner, Lavaca County, Brown, Pustka, Robles, and John and Jane Does 1-10 for allegedly violating his constitutional rights, along with certain state law claims.  Opela was not named.

against all Defendants shall be included in the amended complaint without reference to any prior pleadings or filings." (D.E. 35).  Plaintiff then filed an amended complaint on January 14, 2022.  (D.E. 36).  On February 14, 2022, the pending Motions to Dismiss were filed. (D.E. 37 and D.E. 38).

## II.   APPLICABLE LAW

### A.  Section 1983

Plaintiff asserts his claims arise under 42 U.S.C. § 1983.  Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (citing 42 U.S.C. § 1983).  As such, to state a claim under § 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or a federal law; (2) and that the violation was committed by a person acting under color of state law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  A person for these purposes includes a local governing body or municipality if the action claimed to be unconstitutional was implemented by a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" that body's officers.  *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 659 (1978) (Local governments may also be sued for constitutional deprivations pursuant to a custom even if that custom has not received formal approval).  However, a municipality cannot be held liable under § 1983 on a theory of respondeat superior.  *Id.*  Rather, a municipality can be subjected to civil liability "only if the alleged constitutional violations are 'directly attributable to the municipality through some sort of official action or imprimatur; isolated

unconstitutional actions by municipal employees will almost never trigger liability.'" *Robinson v. Hunt Cty., Tex.*, 921 F.3d 440, 449 (5th Cir. 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).  "[M]unicipal liability under section 1983 requires proof of three elements:  a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell*, 436 U.S. at 694).  These three principles "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id*.  "While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id*. (citation omitted); *Balle v. Nueces Cty.*, 952 F.3d 552, 557-58 (5th Cir. 2017) (citations omitted).

### B.  Pleading Standards and Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).  To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id*. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the

speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

## III.   PLAINTIFF'S AMENDED COMPLAINT

Plaintiff sues the following entities and individuals:  (1)  the City of Shiner; (2) Shiner Police Officer Lawrence Robles in his individual capacity; (3) Lavaca County; (4) Richard Brown in both his official and individual capacities;  (5) Edward Pustka in both his official and individual capacities;  and (6) Shana Opela in both her official and individual capacities.

After Plaintiff moved to Shiner, Texas, in 2013 and opened a firearms store, he alleges he had several negative interactions with law enforcement and elected officials of both the City and the County.  In short, Plaintiff alleges County and City officials held a vendetta against him, resulting in his arrests and other financial harm.

Specifically, Plaintiff alleges in January 2017 his wheel came off while he was driving his truck.  Believing his truck wheel had been tampered with, Plaintiff reported the incident to the Shiner Police Department ("Shiner Police") who took photographs and inspected the vehicle.  Around this time, Plaintiff also alleges all four of his truck tires were cut on two occasions.  Plaintiff further alleges he reported all three incidents to the Shiner Police but no investigation was undertaken.

In May 2017, Plaintiff asserts he requested assistance from the Shiner Police after receiving threatening text messages but the Shiner Police did not investigate or patrol near his home.  Plaintiff alleges in June 2017 that a non-defendant Shiner police officer told two store clerks that he "couldn't stand [the Plaintiff]" and the Plaintiff was "crooked and

shady."  Plaintiff further alleges he was wrongfully arrested in August 2017 for criminal mischief for allegedly assaulting an individual and slashing his tires.  Plaintiff alleges the County district attorney later rejected the case which was presented by the Hallettsville Police Department.

Also in 2017, Plaintiff alleges that after he obtained the required permits and then sought a contract with the County to dispose of the County's Hurricane Harvey debris, certain County Commissioners slandered him and used County resources to dispose of much of the debris, cutting into his profit before he was awarded the contract after several weeks of delay.  Plaintiff alleges Defendant Brown called him a "thief and a liar" and told others Plaintiff was giving the County Judge a "kickback" on the County contract.  Plaintiff further alleges Defendants Brown, Pustka and Opela submitted applications containing false information in an attempt to permit disposal of the debris in violation of certain Texas laws.

In September 2018, Plaintiff alleges he began to receive more threatening text messages from an unknown number and he reported these text messages to Defendant Robles.  Reviewing the text messages, Defendant Robles accused Plaintiff of deleting text messages from the phone.  Plaintiff alleges Defendant Robles and other Shiner police officers identified and contacted the individual sending the text messages but did not pursue charges.  Plaintiff alleges he was then wrongfully arrested, this time for allegedly deleting text messages.  Plaintiff alleges that as a result, he was forced to close his firearms store and could not operate as a licensed private investigator due to the outstanding charges of felony evidence tampering by the County based on the false testimony of Defendant

Robles.  Plaintiff alleges the Lavaca County district attorney was aware of the fabricated information but still proceeded to charge Plaintiff with a felony.  Plaintiff also alleges that on November 18, 2018, he was given a criminal trespass notice from both City and County law enforcement officers after he exited a bar after being assaulted.

Plaintiff further alleges that "sometime between November and December 2018," the Shiner Police presented a complaint to the Lavaca County district attorney falsely accusing him of financial fraud with an elder abuse enhancement with the victim being Defendant Brown.  Plaintiff alleges this case was later closed after an investigation.

On January 6, 2019, Plaintiff alleges he was detained for ten minutes by a Shiner police officer who asserted Plaintiff owed him $700.00 because ATF had not approved the paperwork for a weapon the officer had purchased from Plaintiff.

Plaintiff further alleges that after his criminal defense attorney issued a subpoena duces tecum on January 7, 2019 to Defendant Robles for records related to Plaintiff's September 2018 arrest and charges, his criminal defense attorney was advised the next day that the felony evidence tampering charges would be dismissed for insufficient evidence and they were in fact dismissed on January 30, 2019.

Plaintiff also alleges that on April 12, 2019, City and County law enforcement officers permitted unnamed individuals to remove and steal Plaintiff's belongings from his company's office and also permitted the theft of a dog kennel.  Plaintiff alleges all Shiner police officers "were under orders to contact Shiner Police Chief Ronnie Leck via cell phone any time they encountered Plaintiff.  This instruction to contact the chief was one method used to enforce the official, but unwritten policy, practice and custom, directed at

8 / 26

John Harrington and no one else.  The purpose of this policy, practice and custom was to, in any and every way possible, harass, threaten and charge John Harrington with a crime, if possible."  Plaintiff alleges the Shiner police officer on the scene made a cell phone call and was directed by Chief Leck to allow the theft to continue.  Plaintiff also alleges the City did nothing to remedy the situation and did not present charges to the Lavaca County district attorney's office.

Lastly, Plaintiff alleges that on the same day, April 12, 2019, he was threatened with stalking charges to be filed against him by the County district attorney after the City and the County obtained a baseless warrant to track his movements through his cellular phone "in an apparent effort to catch him doing something wrong."  Plaintiff also alleges Lavaca County District Attorney Stewart Fryer stated "I'm going to get John Harrington no matter what" to another elected official of Lavaca County and the threatened stalking charges were as a direct result from Fryer's order.

Plaintiff also alleges Defendants Brown and Pustka have expressed to other officials and employees of Defendant County that they "hate" him and "he is a 'criminal.'"

In sum, Plaintiff alleges Defendants, acting in concert, systematically took a series of intentional and malicious actions against him, intentionally treating him differently than other citizens and thereby injuring his personal life and his business.  The City and the County move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## IV.   ANALYSIS[3]

### A.  Defendant Lawrence Robles

Plaintiff alleges Defendant Robles, in his individual capacity, violated his right to equal protection and due process under the Fourteenth Amendment by arresting him without probable cause using false evidence.  (D.E. 37, Pages 15-16).

Plaintiff alleges that despite Defendant Robles being aware of exculpatory evidence establishing Plaintiff's innocence, "Defendant Robles provided false, fabricated information [via a probable cause affidavit] to the Lavaca County District Attorney for the purpose of wrongfully charging Plaintiff, and the District Attorney was aware of such falsity and fabrication but proceeded to charge Plaintiff with a felony despite such knowledge" and "then had Plaintiff indicted for felony evidence tampering" using the false information of Defendant Robles.  (D.E. 36, Pages 11 and 24).  Plaintiff further alleges the false charges brought against him were dismissed and are no longer pending.

In short, Plaintiff asserts the information which formed the basis for his arrest and indictment was supplied by Defendant Robles with the knowledge that it was false and as such, that his arrest, detention and prosecution were without probable cause.

 The right to be free from arrest without probable cause is a clearly established constitutional right.  *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994); *Thomas v. Sams*, 734 F.2d 185 (5th Cir. 1984) An officer knowingly submitting a false affidavit to

---

[3]Based on the recommendation contained herein, the undersigned has not addressed Defendants' arguments concerning limitations.  To the extent limitations remains an issue after the Court rules on the motions to dismiss, the undersigned recommends those issues be addressed at the summary judgment stage of this case.

obtain an arrest warrant is considered an arrest without probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). An affidavit may be considered falsified if it includes false statements or omits true statements which would have undermined probable cause if included. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

Accepting Plaintiff's facts pleaded as true, the undersigned recommends the allegations sufficiently state a claim, giving Defendant Robles fair notice of Plaintiff's claim and the grounds upon which he relies. *Garza v. Guerra*, No. B-08-084, 2009 WL 136022, at *4 (S.D. Tex. Jan. 20, 2009) (citation omitted). At this point, Plaintiff need only state a plausible claim upon which relief can be granted. Therefore, the undersigned recommends Defendants' Motion to Dismiss as to Defendant Robles be denied.

### B.  Claims Against the City

Plaintiff asserts the following claims against the City of Shiner: (1) denial of equal protection and due process under the Fourteenth Amendment alleging there was an unwritten policy of harassing him and requiring Shiner police officers to contact Chief Leck each time they encountered him, falsely arresting him and failing to prosecute crimes committed against him, including the theft of his property and receiving threatening text messages and (2) search and seizure violations of the Fourth Amendment by failing to stop and/or investigate a theft at his business and for tracking his movements using his cellular phone after obtaining a baseless warrant.

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated people alike. U.S. Const. Amend. XIV; *City of Cleburne v. Cleburn Living Ctr.*, 473 U.S. 432, 439 (1985) (citations omitted). A plaintiff may bring a

cause of action for violation of his right to equal protection under § 1983. *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997).  "To successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Parude v. City of Natchez*, 72 F. App'x 102, 104-05 (5th Cir. 2003) (Finding evidence presented by Plaintiff did "not suggest that his arrests were motivated by any improper considerations," "personal vindictiveness" or "sheer malice") (citations omitted).  However, the Equal Protection Clause is implicated even when a "class" consisting of a single plaintiff is intentionally treated differently from other similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff does not allege he was discriminated against based on his membership in any particular protected class.  Rather, Plaintiff has characterized his claims as a "class of one." (D.E. 36, Pages 22-23 and 26-28).  Even if a plaintiff does not belong to a protected class or group, the Supreme Court has held that a plaintiff may raise a "class of one" equal protection claim. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008); *Olech*, 528 U.S. at 564.  To assert a claim on behalf of a "class of one," a plaintiff must allege that an "illegitimate animus or ill-will" motivated his intentionally different treatment from others similarly situated and that no rational basis existed for such treatment. *Wilson v. Birnberg*, 667 F.3d 591, 599 (5th Cir. 2012) (citations omitted). Conclusory allegations of discriminatory intent, without reference to specific facts, will not

suffice. *Fennel v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (citation omitted).

Plaintiff's theory of liability against the City of Shiner is that the City had an unwritten "John Harrington Policy." The policy alleged by Plaintiff is that the City of Shiner had an unwritten policy to harass Plaintiff. Plaintiff alleges this unofficial policy resulted in Shiner police officers not properly investigating or intervening in situations in which Plaintiff was a victim. Plaintiff further alleges he was falsely charged with a felony. Plaintiff's allegations against the City of Shiner having a "John Harrington Policy" are wholly conclusory and are based solely on his personal, subjective belief that he was treated differently from other people. *See Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (Vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim).

For purposes of this memorandum and recommendation only, Plaintiff's allegations are accepted as true. Plaintiff uses the term "harassment" to capture each instance of his interaction with law enforcement authorities with which he disagrees. However, not every interaction with law enforcement authorities amounts to a constitutional violation. Plaintiff alleges, in part, instances in which he was unhappy with the performance of law enforcement officers investigating cases in which he believes he was the victim. As explained in more detail below, those instances do not involve a violation of a constitutionally protected interest and certainly do not amount to a policy to violate a constitutionally protected interest of Plaintiff.

Further, to the extent Plaintiff alleges there were instances where he did have a constitutionally protected right violated, for example being unlawfully detained or searched, those individualized instances as alleged by Plaintiff do not amount to a City policy.

Plaintiff's theory that he is a "class of one" for purposes of his equal protection claim is not supported by his factual allegations.  First, Plaintiff has not alleged he is similarly situated to another person who was treated differently.  The undersigned recognizes that there will rarely be an identical comparator to such claims and that the pleading standing is not a high hurdle to overcome.  However, Plaintiff alleges he is being treated different from everyone, and thus, everyone is similarly situated to Plaintiff.  Such a broad sweeping allegation does not state a class of one.  The *Olech* case, cited by Plaintiff, is not on point.  *Olech* involved a resident who was required by a municipality to concede to a 33-foot easement to obtain a city water connection while other similarly situated persons only had to concede a 15 foot easement.  Ms. Olech constituted a class one who was being treated differently from other similarly situated citizens in a clearly identifiable way.  The Plaintiff in the instant case is dissimilar to Ms. Olech.  In failing to allege anyone who is similarly situated to Plaintiff, Plaintiff has failed to sufficiently allege a class of one.  *Alvarez v. Bergt*, No. 5:16cv39, 2016 WL 11200944, at *6 (E.D. Tex. Aug. 10, 2016) (Memorandum and Recommendation), adopted 2017 WL 370852, at *1 (E.D. Tex. Jan. 26, 2017) (Recognizing that, in order to state a class of one equal protection claim, a plaintiff must allege facts showing any such  differential  treatment had  no  rational  basis) (citing *Olech*, 528 U.S. at 564).

Plaintiff's claim relating to Defendants failing to investigate or prosecute other persons fails to state a claim upon which relief can be granted because Plaintiff does not have a constitutional right to have anyone criminally prosecuted or investigated. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that the plaintiff did not have the constitutional right to a criminal prosecution against prison guards who allegedly beat him); *Green v. Revel*, 413 F. App'x 698, 700 (5th Cir. 2011) ("To the extent that [the plaintiff] sought a criminal investigation of [his cellmate], [Plaintiff] did not have a constitutional right to have a criminal investigation conducted or the offender prosecuted.") (citation omitted). The Supreme Court has held that private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Plaintiff's allegation concerning City of Shiner police officers not preventing or intervening while his property was taken by third party actors also fails to state a claim. While "[t]here is a recognized substantive due process right for individuals to be free from bodily harm caused by the state, [ ] as a general rule,[4] there is no constitutional duty that requires state officials to protect persons from private harms." *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 196-97 (1989). "[A] State's failure to protect an individual against private

---

[4]The special relationship exception to this rule requires a law enforcement official to protect against private violence in certain circumstances. *See McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002) (per curiam) (citing *DeShaney*, 489 U.S. at 200). The exception is not applicable in the instant case because Plaintiff was not in custody or restrained at the time of the alleged failure to protect. *See Walton v. Alexander*, 44 F.3d 1297, 1303 (5th Cir. 1995).

violence simply does not constitute a violation of the Due Process Clause." *DeShaney*, 489 U.S. at 197.  The purpose of the Due Process Clause "was to protect the people from the State, not to ensure that the State protected them from each other." *Id.* at 196.  The Due Process Clause of the Fourteenth Amendment "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* (citation omitted).  Under the facts of this case, Plaintiff's allegation that Defendants failed to protect him from the acts of civilian actors while Plaintiff was not in custody does not implicate the Fourteenth Amendment.

Having reviewed the amended complaint, the undersigned recommends Plaintiff has failed to raise the right to relief above the speculative level against the City of Shiner. *Twombly*, 550 U.S. at 555.

### C.  Claims against Lavaca County[5] and Defendants Brown, Pustka and Opela

Plaintiff raises claims against Lavaca County and Brown, Pustka and Opela, in both their official and individual capacities, pursuant to § 1983 as a "class of one," alleging the County acted arbitrarily and irrationally against him pursuant to an unwritten policy.  More specifically, Plaintiff asserts the following claims:  (1) denial of equal protection and due

---

[5]The undersigned has considered only the complaint in making this recommendation.  (D.E. 42, Pages 2-3). Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted).  Thus, to the extent Plaintiff seeks to sue Brown, Pustka, and Opela in their official capacities, it is effectively a suit against the officials' office, Lavaca County. *Id.*; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the undersigned will refer to them collectively here as "the County."

16 / 26

process under the Fourteenth Amendment for commencing a criminal prosecution based on the false evidence of Defendant Robles, knowing the evidence was fabricated; for tracking his movements using his cellular phone after obtaining a baseless warrant and for threatening him with possible stalking charges and (2) violations of the Fourth Amendment for failing to stop and/or investigate a theft at his business resulting in an illegal search and seizure.  Plaintiff alleges Defendants Brown, Pustka and Opela, who had expressed animus toward him, violated his rights to equal protection and due process under the Fourteenth Amendment and abused their authority in violation of the Texas Penal Code after they used County resources to dispose of the County's Hurricane Harvey debris without a permit and prior to approving Plaintiff's contract.

> **1.    Claims Based on the Criminal Investigation and Prosecution of Plaintiff**

Plaintiff bases his Fourteenth Amendment claim against the County Defendants in connection with the District Attorney commencing a criminal prosecution against Plaintiff based on alleged false evidence, knowing the evidence was fabricated and also for tracking his movements using his cellular phone after obtaining a warrant to threaten him with stalking charges.  (D.E. 36, Pages 25-26).

As an initial matter, the undersigned notes that in this action Plaintiff is attempting to hold the County Defendants responsible for the prosecution decisions and actions of the District Attorney.  There is no allegation that any of the County Defendants had any prosecutorial decision making authority in connection with these claims.  Additionally, criminal prosecutors enjoy absolute immunity from claims for damages asserted under §

1983 for actions taken in the presentation of the State's case. *Graves v. Hampton*, 1 F.3d

315, 318 (5th Cir. 1993) (citation omitted).  The Supreme Court has also noted:

> [A]cts undertaken by a prosecutor in preparing for the initiation of judicial
> proceedings or for trial, and which occur in the course of his role as an
> advocate for the State, are entitled to the protections of absolute immunity.
> Those acts must include the professional evaluation of the evidence
> assembled by the police and appropriate preparation for its presentation at
> trial or before a grand jury after a decision to seek an indictment has been
> made.

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  This broad immunity applies even if

the prosecutor is accused of knowingly using perjured testimony.  *Graves*, 1 F.3d at 318,

n. 9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (Concluding state

prosecutors were absolutely immune from a § 1983 action predicated on malicious

prosecution).  Plaintiff is attempting to raise a claim against the County and County

Commissioners that he cannot bring against the District Attorney because of prosecutorial

immunity.  Plaintiff's attempt at an "end around," while creative, is not supported by the

facts or the law. Plaintiff cannot merely substitute the County in place of the District

Attorney to avoid the doctrine of prosecutorial immunity.

Additionally, Plaintiff's allegations of a vindictive "John Harrington Policy" against

the County Defendants is defective because such allegation is as conclusory, if not more,

than his claims against the City Defendants.  Further, to the extent that Plaintiff tries to

raises these prosecution related claims against Defendants Brown, Pustka and Opela, there

is no allegation these defendants had any personal involvement or decision making

authority in the criminal investigation and prosecution of Plaintiff.

Therefore, the undersigned recommends Plaintiff's claims against the County Defendants in connection with Plaintiff's being the subject of a criminal investigation and prosecution be dismissed.

### 2. Fourteenth Amendment Claims against the County Defendants

Again, Plaintiff does not allege he was discriminated against based on his membership in any particular protected class. Rather, Plaintiff has characterized his claims as a "class of one." (D.E. 36, Pages 22-23 and 26-28). As stated above, to assert a claim on behalf of a "class of one," a plaintiff must allege an "illegitimate animus or ill-will" motivated his intentionally different treatment from others similarly situated and no rational basis existed for such treatment. *Wilson*, 667 F.3d at 599 (citations omitted). A plaintiff must reference specific facts as conclusory allegations of discriminatory intent are not sufficient. *Fennel*, 804 F.3d at 412 (citation omitted). Further, the County is liable if the alleged constitutional violations are directly attributable to the County's official action, rather than an isolated unconstitutional act or individual violation by a County employee. *Robinson,* 921 F.3d at 449; *Piotrowski*, 237 F.3d at 578. As with Plaintiff's Fourteenth Amendment claims against the City, discussed above, the undersigned recommends Plaintiff has failed to raise the right to relief above the speculative level against the County for the same reasons. *Twombly*, 550 U.S. at 555.

### 3. Fourth Amendment Claim against the County

Plaintiff next alleges a claim against the County for search and seizure violations of the Fourth Amendment by failing to stop and/or investigate a theft at his business. Like

his similar claim against the City as discussed above, Plaintiff does not allege any County officers entered or searched his business nor does he allege any County officers removed or seized any of his property.  Further, Plaintiff does not allege any individual participation by any County officer in the alleged unlawful conduct of the third parties other than their presence at the scene after the alleged theft had already begun.  Accordingly, the undersigned recommends Plaintiff's Fourth Amendment claim based on the alleged theft at his business should be dismissed.

### 4.    Fourteenth Amendment Claim against Pustka, Brown & Opela

Plaintiff alleges Defendants Brown, Pustka, Opela, who had expressed animus toward him, violated his rights to equal protection and due process under the Fourteenth Amendment and abused their authority in violation of the Texas Penal Code after they used County resources to dispose of the County's Hurricane Harvey debris without a permit and prior to approving Plaintiff's debris removal contract.

The undersigned agrees with the County that Plaintiff's claim is at most one for breach of contract, not a civil rights claim, as there is no constitutional violation.  (D.E. 38, Pages 11-12 and D.E. 47, Pages 1-2).  Plaintiff alleges he was awarded the debris removal contract, albeit with a delay.  Plaintiff asserts the County removed much of the debris itself, thereby depriving him of economic benefit.  Specifically, Plaintiff alleges the County's "actions were designed to and did undercut Plaintiff's anticipated contract, the volume of debris to be disposed of, and in turn, profits."  (D.E. 36, Page 9).  Plaintiff further alleges that had the County not delayed his contract approval and removed much of the debris, he would have received additional revenue and the County "interfere[ed] with Plaintiff's

ability to obtain the full economic benefits of his anticipated contract with Lavaca County."
(D.E. 36, Pages 9-10).  The undersigned recommends Plaintiff has not alleged that he had
a property interest in the amount of debris that was to be disposed of and, therefore, this
would be a contractual dispute, not a constitutional violation.  *James v. Cleveland Sch.
Dist.*, No. 21-60688, 2022 WL 3443916, at *3 (5th Cir. Aug. 17, 2022) ("Without a
cognizable interest in liberty or property, 'there is nothing subject to Due Process
protections and our inquiry ends.'") (citations omitted); *Town of Castle Rock v. Gonzales*,
545 U.S. 748, 756 (2005) (To have a property interest, a person must have more than a
unilateral expectation of it and instead, must have a legitimate claim of entitlement to it)
(citation omitted).

Additionally, to assert a claim on behalf of a "class of one," a plaintiff must allege
that an "illegitimate animus or ill-will" motivated his intentionally different treatment from
others similarly situated and that no rational basis existed for such treatment.  *Wilson*, 667
F.3d at 599.  In his complaint, Plaintiff alleges he was "the holder of the only debris
disposal permit in Lavaca County."  (D.E. 36, Page 27).  Therefore, Plaintiff has failed to
plead he was treated differently from others similar situated.

Accordingly, the undersigned recommends this claim be dismissed against the
Defendant Commissioners in both their official and individual capacities.

### D.    Conspiracy Claims

In the complaint, Plaintiff alleges:

It will be shown upon trial of this cause that the Defendant commissioners,
Defendant Opela, acting in concert and pursuant to a conspiracy among them,
have each participated in and/or assisted in the violation of Plaintiff's rights

protected under the Constitution that proximately caused the injuries and damages of Plaintiff made the basis of this suit. Each co-conspirator is therefore jointly and severally liable to Plaintiff for the acts of all other members of the conspiracy taken in the furtherance of said conspiracy.

Acting under color of state law, all Defendants conspired with each other to deprive Plaintiff of his constitutional right to be treated equally under the law. Defendants violated Plaintiff's constitutional rights by creating, implementing and following an unwritten, but accepted and approved policy and custom permitting actions of their respective officers which were designed to cause severe economic and other to Plaintiff as a "class of one." Each co-conspirator is therefore jointly and severally liable to Plaintiff for acts of all other members of the conspiracy taken in the furtherance of said conspiracy.

(D.E. 36, Page 29).

In his responses to the pending Motions to Dismiss, Plaintiff has made it clear he is alleging a conspiracy claim under section 1983, not state law. (D.E. 41, Pages 17-18 and D.E. 42, Page20-21). However, in the complaint itself, Plaintiff does not state any law that is the basis of his conspiracy claim. This alone makes the complaint vague and speculative and could be a basis for dismissal of Plaintiff's conspiracy claim. Regardless, the undersigned reviews the complaint under section 1983.

A conspiracy under section 1983 is "the legal mechanism through which to impose liability on all of the defendants without regard as to who committed a particular act. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995) (citation omitted). "To establish a conspiracy claim under § 1983, the plaintiff must show that there was an agreement among the alleged co-conspirators to deprive him of his constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (citations omitted). "Conclusory allegations that do not reference specific factual

allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id*.   "[A plaintiff] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights." *Id*. (citations omitted)).   While "a conspiracy may be proved by circumstantial evidence"…"a mere scintilla of evidence…[u]nreasonable inferences, speculation, and conjecture" are insufficient.   *Imani v. City of Baton Rouge*, No. 17-439-JWD-EWD, 2022 WL 2760799, at *47 (M.D. La. July 12, 2022) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy under 42 U.S.C.A. § 1983.") (citations omitted).   Further, if Defendants are from a single entity, a conspiracy claim against them is barred by the intra-corporate conspiracy doctrine subject to certain exceptions.   *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997) (Where defendants are members of the same collective entity, it is impossible to conspire with itself); *Prescott v. Johnson*, No. 6:18-cv-577, 2022 WL 672694, at *14 (E.D. Tex. Mar. 7, 2022) (Even when defendants are sued in their individual capacities, if they are employed by a single entity, they cannot conspire among themselves, subject to certain exemptions) (citing *Collins v. Bauer*, No. 3:11-cv-887-B, 2012 WL 443010, at *7-8 (N.D. Tex. Jan. 23, 2012) (Listing exceptions)).

Plaintiff has failed to include any specific factual allegations of an agreement among the Defendants or a common motive, other than an alleged general dislike of the Plaintiff for reasons unstated.   The complaint states in a conclusory fashion that Defendants "acted in concert" or "conspired" or acted "pursuant to a conspiracy."   The factual allegations do not establish any agreement among Defendants, much less an agreement to commit an

illegal act or to deprive Plaintiff of any constitutionally protected rights.   Plaintiff cannot merely allege the Defendants acted in combination and pursuant to a conspiracy, he must plead facts in support of that conclusion and he does not.  *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) (Not only must the complaint allege an agreement between the parties to commit an illegal act, it must also contain specific factual allegations tending to show that agreement in order to survive a Rule 12(b)(6) Motion, not conclusory allegations).  "Without more background facts, [Plaintiff] is unable to demonstrate the existence of [an] alleged agreement to level of plausibility necessary to pass scrutiny under Rule 12(b)(6)."  *Jabary v. City of Allen*, 547 F. App'x 600, 611 (5th Cir. 2013) (Allegations that officials "held private meetings to devise a method of shutting [the plaintiff] down," that they "actively conspired" to "destroy [the plaintiff's] civil rights," and that there were "several conversations, private meetings and other communications" that took place to deprive plaintiff of his civil rights and due process of law were "conclusory in nature," noting the times, places and other circumstances of any alleged meetings were "notably absent.")

Therefore, the undersigned recommends all conspiracy claims be dismissed against all Defendants.

## V.     RECOMMENDATION

For the reasons stated below the undersigned **RECOMMENDS** City's Motion **Dismiss be DENIED** as to Defendant Lawrence Robles, but otherwise be **GRANTED**. (D.E. 37).  It is further recommended that the County's Motion to Dismiss be **GRANTED**. (D.E. 38).  Under Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given "when

justice so requires." Here, the record does not support allowing an amendment. The Court gave Plaintiff over thirty days to file the pending amended complaint and he was instructed to plead his best case, being cautioned it was unlikely further substantive amendments would be permitted. (D.E. 35). If the Court adopts this recommendation, the only remaining claims will be against Defendant Robles in his individual capacity.

Respectfully submitted on September 8, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).