United States District Court
Southern District of Texas
**ENTERED**

September 29, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **JOHN W. HARRINGTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-CV-00039** |
| | § | |
| **CITY OF SHINER, TEXAS, OFFICER** | § | |
| **LAWRENCE ROBLES, LAVACA** | § | |
| **COUNTY, TEXAS, RICHARD BROWN,** | § | |
| **EDWARD PUSTKA, and** | § | |
| **SHANA OPELA,** | § | |
| | § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER

By an alleged invitation from then Governor of Texas, Rick Perry, John W. Harrington moved his business from California to Shiner, Texas in early 2013. Harrington claims that the Shiner Police Department refused to assist him after he received suspicious phone calls and texts messages, that he was more than once wrongfully arrested, and that he was defamed by the Defendants. Harrington brought suit arguing that the Defendants have "systemically taken a series of intentional and malicious actions against" him in violation of his constitutional rights.

Pending before the Court is the September 8, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 49). In the M&R, Magistrate Judge Libby considers (1) Defendants City of Shiner and Shiner Police Officer Lawrence Robles's (collectively, the "City Defendants") Motion to Dismiss each claim asserted by Plaintiff John W. Harrington against the City Defendants, (Dkt.

No. 37), and (2) Defendants Lavaca County, Richard Brown, Edward Pustka and Shana Opela's (collectively, the "County Defendants") Motion to Dismiss each claim asserted by Harrington against the County Defendants, (Dkt. No. 38).  Magistrate Judge Libby recommends that the Court deny the City Defendants' Motion to Dismiss as to Officer Robles, but otherwise grant the Motion, and further recommends that the Court grant the County Defendants' Motion to Dismiss.  (Dkt. No. 39 at 1).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The City Defendants filed timely objections. (Dkt. No. 51).  Harrington filed a response to the City Defendants' objection, (Dkt. No. 53), and a Motion to Amend Pleadings, (Dkt. No. 52).  As a result of the parties' timely objections, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  As to portions where no objection is made, review is for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

For the reasons set forth below, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order, (Dkt. No. 49), and **GRANTS** Harrington's Motion to Amend Pleadings, (Dkt. No. 52).

## I.    DISCUSSION

### A.    PLAIN-ERROR REVIEW OF UNOBJECTED RECOMMENDATIONS

The Parties only object to Magistrate Judge Libby's recommendation as to Officer Robles.  (Dkt. No. 51 at 1); (Dkt. No. 53 at 4).  No Party objects to Magistrate Judge Libby's recommendation on the remaining Defendants. As such, review as to those Defendants

is straight forward: plain error. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). No plain error appears on the unobjected claims. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order as to all Defendants save Officer Robles. The Court **DISMISSES WITH PREJUDICE** Harrington's claims against the City of Shiner, Lavaca County, Richard Brown, Edward Pustka and Shana Opela.

## B.   HARRINGTON'S FOURTH AMENDMENT CLAIM AGAINST OFFICER ROBLES

The City Defendants object to the portion of Magistrate Judge Libby's M&R, which denies the Defendants' Motion to Dismiss as to Officer Robles. (Dkt. No. 51 at 1). The City Defendants argue that Magistrate Judge Libby "incorrectly interpreted Harrington's Complaint to assert a Fourth Amendment unlawful arrest cause of action against Officer Robles." (*Id.* at 2). The City Defendants assert that Harrington "specifically pleads a Fourteenth Amendment cause of action against Officer Robles, not a Fourth Amendment cause of action." (*Id.* at 4). The City Defendants argue that this was purposeful, as Harrington pled a Fourth Amendment cause of action against the City of Shiner. (*Id.*). Harrington does not object to Magistrate Judge Libby's recommendation on the City Defendants' Motion to Dismiss as to Officer Robles but provides a rebuttal to the City Defendants' objection. (Dkt. No. 53). Harrington recounts the legal standard for a motion to dismiss and argues that Magistrate Judge Libby "identified a cognizable constitutional claim which can clearly be replead by Plaintiff to be couched in terms of the Fourth Amendment." (*Id.* at 3). Harrington does not dispute his failure to implicate the Fourth Amendment in his claim against Officer Robles.

The Court agrees with the City Defendants' objection that Harrington only alleges a violation of the Fourteenth Amendment with respect to Officer Robles, not the Fourth Amendment.  However, failure to plead the Fourth Amendment by name is not fatal to Harrington's claim.

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(2)–(3).  "The purpose of this requirement is 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).  "So long as a pleading alleges facts upon which relief can be granted, it states a claim even if it 'fails to categorize correctly the legal theory giving rise to the claim.'" *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)); *see also Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021).  Where the plaintiff fails to correctly identify the legal theory giving rise to the claim, the Fifth Circuit has long established that if the plaintiff asserts "a valid claim, even if inartfully stated, the liberal approach of the federal rules requires that the plaintiff be given the opportunity to state his claim and to have it considered on the merits at trial or on motion for summary judgment." *Dussouy*, 660 F.2d at 604.

Although Harrington did not mention the Fourth Amendment by name, that alone is not enough for this Court to grant City Defendants' Motion to Dismiss.  Accordingly, the Court **DENIES** City Defendants' Motion to Dismiss, (Dkt. No. 37).

### C.    LEAVE TO AMEND

Harrington generally requests leave to amend his complaint.  (Dkt. No. 52 at 1). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a district court "should freely give leave [to amend] when justice so requires."  The Fifth Circuit has noted that this "evinces a bias in favor of granting leave to amend."  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted).  The Court will grant Harrington's Motion to Amend his complaint one last time to clearly plead a Fourth Amendment claim against Officer Robles.

## II.    CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as Court's Memorandum Opinion and Order.  (Dkt. No. 49).  Accordingly, the Court:

1. **GRANTS in part** the City Defendants' Motion to Dismiss as to City of Shiner (Dkt. No. 37);

2. **DENIES in part** the City Defendants' Motion to Dismiss as to Officer Robles (Dkt. No. 37);

3. **GRANTS** the County Defendants' Motion to Dismiss (Dkt. No. 38);

4. **GRANTS** Harrington's Motion to Amend Pleadings (Dkt. No. 52); and

5. **DISMISSES** Harrington's claims against all Defendants, except Officer Robles.

    It is SO ORDERED.

Signed on September 29, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**