Case 6:20-cv-00039 Document 66 Filed on 12/21/22 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
December 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOHN W HARRINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00039 |
| | § | |
| CITY OF SHINER, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending is Defendant Lawrence Robles' Motion to Dismiss. (D.E. 59). For the reasons stated below, the undersigned **RECOMMENDS** the Motion be **DENIED**. (D.E. 59).

## **I.      PROCEDRUAL BACKGROUND**[1]

On March 20, 2020, Plaintiff's previous federal suit filed in 2019 was dismissed for lack of jurisdiction. (Case No. 6:19-cv-81, D.E. 23). In that case, the district court determined Plaintiff's claims failed to establish jurisdiction, denying Plaintiff leave to amend and entering final judgment. (Case No. 6:19-cv-81, D.E. 24). Specifically, the district court determined Plaintiff's complaint "lack[ed] specificity as to how 42 U.S.C. § 1983-the basis of his complaint applies to the facts he has presented," "fail[ing] to identify any constitutional or federal law violation." (Case No. 6:19-cv-81, D.E. 23, Page 6). Two

---

[1] A detailed background is contained in this Court's September 30, 2021 Order and therefore, need not be repeated here at length. (D.E. 26, Pages 2-5).

months later, on May 14, 2020, Plaintiff filed this suit in state court against the City of Shiner, Lavaca County, Officer Robles and several county commissioners and it was removed on June 11, 2020. (D.E. 1 and D.E. 1-2). Denying Plaintiff's Motion to Remand, this Court held it has subject matter jurisdiction over Plaintiff's claims as he had now specifically stated which of his constitutional rights were allegedly violated. (D.E. 26, Pages 22-23). This Court further held that "[w]hether Harrington does, in fact, state plausible claims given the facts he has alleged is another matter altogether…" (D.E. 26, Page 23). On December 14, 2021, the undersigned denied Defendants' motions to dismiss as moot, permitting Plaintiff to amend his complaint. (D.E. 35). The undersigned held, "Plaintiff is given this opportunity to plead his best case and is cautioned the Court likely will not allow further substantive amendments. All claims against all Defendants shall be included in the amended complaint without reference to any prior pleadings or filings." (D.E. 35). Plaintiff then filed an amended complaint on January 14, 2022. (D.E. 36). On February 14, 2022, two Motions to Dismiss were filed which were granted in part, leaving the sole claim against only Defendant Robles for a violation of the Fourth Amendment. (D.E. 37, D.E. 38; D.E. 49 and D.E. 54). Plaintiff was permitted to amend "his complaint one last time to clearly plead a Fourth Amendment claim against Officer Robles." (D.E. 54, Page 5). On October 10, 2022, Plaintiff filed a Second Amended Complaint and less than a month later, on November 7, 2022, Defendant Robles filed the pending Motion to Dismiss. (D.E. 56). Plaintiff filed a response on November 29, 2022 and Defendant Robles replied on December 13, 2022. (D.E. 62 and D.E. 65).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. (citation omitted). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id.* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

### III. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff sues Officer Robles, a law enforcement officer for the City of Shiner, Texas, in his individual capacity pursuant to 42 U.S.C. § 1983.

Plaintiff moved to Shiner, Texas, in 2013 and opened a firearms store. (D.E. 56, Page 2). In 2016, Plaintiff alleges he began to receive threatening and harassing text messages and phone calls from a "spoofed" cell number which he ignored. (D.E. 56, Page 3). However, in 2017, Plaintiff asserts he requested assistance from the Shiner Police after receiving another text message from a spoofed number stating "we are at Circle K and are on our way to see your wife" but Shiner Police did not investigate or patrol near his home. (D.E. 56, Page 3).

After receiving more threatening text messages on September 22, 2018 referencing his wife and daughter, Plaintiff reported them to Defendant Robles. (D.E. 56, Page 3). Reviewing the text messages, Defendant Robles accused Plaintiff of deleting text messages from the phone. Plaintiff alleges Defendant Robles and other Shiner police officers identified and contacted the individual sending the text messages but did not pursue charges. Plaintiff alleges he was then wrongfully arrested for felony evidence tampering for allegedly deleting text messages after Defendant Robles "intentionally provided false, fabricated information to the Lavaca County District Attorney" and "failed to include the exculpatory evidence of the verbal confession made to him by the person who had been sending the threatening and harassing text messages to Plaintiff for over two years." (D.E. 56, Page 4). Plaintiff alleges that as a result, he was forced to close his firearms store and could not operate as a licensed private investigator due to the outstanding charges of felony evidence tampering by the County based on the false testimony of Defendant Robles. (D.E. 56, Pages 4-5).

Plaintiff further alleges that after his criminal defense attorney issued a subpoena duces tecum on January 7, 2019 to Defendant Robles for records related to Plaintiff's September 2018 arrest and charges, his criminal defense attorney was advised the next day that the felony evidence tampering charges would be dismissed for insufficient evidence and they were in fact dismissed on January 30, 2019. (D.E. 56, Page 5).

Plaintiff alleges that "[b]ecause of personal animus, vitriol and hatred, Plaintiff has been intentionally singled out for special treatment by Defendant Robles. No one else in

Shiner was singled out for such treatment by Defendant Robles. Defendant Robles, acting under color of state law, violated Plaintiff's constitutional rights for the purpose of harming Mr. Harrington in his personal and business life. He succeeded. The acts complained of herein caused the violation of Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution." (D.E. 56, Page 6).

Additionally, Plaintiff pleads "Defendant Robles knowingly submitted a false affidavit to obtain an arrest warrant; i.e. an arrest without probable cause. Defendant Robles' affidavit includes false statements and omits true statements which would have undermined probable cause if included." (D.E. 56, Page 7). Plaintiff further pleads "Defendant Robles acted with malice, intending to harm Plaintiff" and his "'evidence' of Plaintiff's alleged felony was fabricated, false and baseless, and the criminal proceedings ended in Plaintiff's favor because of 'insufficient evidence'" because the evidence "was fabricated and false." (D.E. 56, Page 7). Plaintiff pleads Defendant Robles knew the actual perpetrator of the threatening text messages and knew his actions would violate Plaintiffs civil rights, aware that his "conduct violated Plaintiff's clearly established rights of which a reasonable officer would be aware." (D.E. 56, Page 7).

## IV. PLAINTIFF'S CLAIM

Plaintiff asserts his claim arises under 42 U.S.C. § 1983. Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law. *City of St. Louis v. Praprotnik*, 485 U.S. 112,

121 (1988) (citing 42 U.S.C. § 1983). As such, to state a claim under § 1983, a plaintiff must demonstrate: (1) a violation of the United States Constitution or a federal law; (2) and that the violation was committed by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff alleges Defendant Robles, in his individual capacity, violated his right to be free from arrest without probable cause pursuant to the Fourth Amendment by arresting him using false evidence and omitting exculpatory evidence to obtain an indictment. Plaintiff further alleges all criminal proceedings were dismissed because of insufficient evidence as the evidence was fabricated and false. Plaintiff also alleges that Defendant Robles knew his actions would violate Plaintiff's rights under the Fourth Amendment and that a reasonable officer would be aware such actions would violate Plaintiff's civil rights. (D.E. 56, Pages 7-8). As a direct and proximate result of Defendant Robles' actions, Plaintiff alleges he was injured and is seeking an award of actual, compensatory and exemplary damages as well as attorney's fees. (D.E. 56, Pages 8-9).

Defendant Robles moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) on two grounds: (1) the issuance of an indictment by a grand jury broke the change of causation between any alleged constitutional violation and Defendant Robles ("the independent intermediary doctrine") and (2) that Defendant Robles is entitled to qualified immunity. For the reasons stated below, the undersigned finds these arguments to be unpersuasive.

A violation of the Fourth Amendment requires a showing of no probable cause so the existence of a valid warrant issued by a neutral magistrate insulates the initiating party from suit. *Curtis v. Sowell*, No. 18-20164, 2019 WL 654170, at *2 (5th Cir. 2019) (The "impartial intermediary doctrine" "dooms" claims for violations of the Fourth Amendment unless an exception applies); *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988) (When a neutral intermediary reviews the facts and allows the case to go forward, there is no violation of the Fourth Amendment unless Plaintiff shows the intermediary's deliberations were somehow tainted by the actions of the defendant such as the withholding of relevant information); *Craig v. Dallas Area Rapid Transit Auth.*, No. 11-10805, 2012 WL 6700409, *3 (5th Cir. Dec. 27, 2012) ("[E]ven an officer…who acted with malice in procuring a warrant or indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury.") (citation omitted); *Buehler v. City of Austin et al*, 824 F.3d 548, 554 (5th Cir. 2016) ("[E]ven if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime," the independent intermediary doctrine applies) (citations omitted). Even if the party requesting the warrant "believed the prosecution did not have merit…this does not rise to the level of 'taint' sufficient to negate the finding of the neutral intermediary." *Frank v. City of Ville Platte*, No. 6:17-cv-1351, 2019 WL 1064261, at *7 (W.D. La. Mar. 5, 2019) (Plaintiff must allege Defendants either withheld material information or deceived the judge) (citation omitted).

Plaintiff's claim depends on a lack of probable cause to arrest him. *Buehler*, 824 F.3d at 553 (citations omitted).[2] Defendant argues that the intermediary doctrine applies, insulating him from liability for the arrest because Plaintiff has not plead sufficient facts to invoke the taint exception. *Id*. at 554-55. (Under the "taint" exception, "an independent intermediary's probable cause finding does not protect law enforcement officials whose 'malicious motive…lead[s] them to [knowingly] withhold any relevant information or otherwise 'misdirect [] the magistrate or the granted jury by omission or commission.'") (citations omitted). Defendant argues Plaintiff has not alleged what information Defendant falsified or what fabricated information Defendant provided to the District Attorney nor has he alleged that Defendant directly misled the deliberations of the grand jury.

Plaintiff asserts the information which formed the basis for his indictment was supplied by Defendant Robles with the knowledge that it was false and as such, that his arrest, detention and prosecution were without probable cause. Further, Plaintiff alleges Defendant Robles knew who was sending Plaintiff threatening and harassing text messages and failed to include the exculpatory evidence of the verbal confession as to who had been sending him the text messages. (D.E. 56, Pages 4-5). Accepting this as true, Defendant Robles' argument that Plaintiff was later indicted, and therefore there was "independent

---

[2]Defendant argues "there are no allegations anywhere in the Complaint describing Harrington was ever arrested (either before or after his indictment)." (D.E. 58, Page 8). The undersigned finds this argument unpersuasive given that Plaintiff pleads that Defendant Robles "knowingly submitted a false affidavit to obtain an arrest warrant," violating his "right to be free from arrest." (D.E. 56, Page 7). While the undersigned agrees Plaintiff could have included more factual allegations regarding his arrest, the basis of Plaintiff's claim is that he was falsely arrested and therefore, taking the pleadings as true, it is clear Plaintiff was, in fact, arrested. Further, while not included in the Second Amended Complaint, the undersigned does note Plaintiff previously pleaded he was arrested and had to post a $20,000.00 bond after being indicted for felony evidence tampering. (D.E. 36, Page 11).

establishment of probable cause," is without merit as Plaintiff has alleged the grand jury's[3] decision was tainted. *Curtis,* 2019 WL 654170, at *2 (When analyzing allegations of taint at the motion to dismiss stage, mere allegations of taint may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference). The right to be free from arrest without probable cause is a clearly established constitutional right. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994); *Thomas v. Sams*, 734 F.2d 185 (5th Cir. 1984). An officer knowingly submitting a false affidavit to obtain an arrest warrant is considered an arrest without probable cause. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). An affidavit may be considered falsified if it includes false statements or omits true statements which would have undermined probable cause if included. *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006).

Accepting Plaintiff's facts pleaded as true, the undersigned recommends the allegations sufficiently state a claim, giving Defendant fair notice of his claim and the

---

[3]Defendant argues that Plaintiff has plead only that Defendant provided false information to the Lavaca County District Attorney for the purpose of wrongfully charging Plaintiff with felony evidence tampering, not to the grand jury itself. (D.E. 59, Page 8). More specifically, Defendant argues the complaint is "devoid of any allegations about what information was provided to the grand jury. There are no allegations that [Robles] [sic] actually testified before the grand jury or authored any documents that were provided to the grand jury, much less any allegations that Officer Robles misled the grand jury in any other fashion." (D.E. 59, Page 8 and D.E. 65, Pages 5-6). Defendant argues Plaintiff "is improperly guessing as to what took place before the grand jury." (D.E. 59, Page 8 and D.E. 65, Page 4). The undersigned finds this argument to be unpersuasive, especially prior to any discovery taking place, especially as Plaintiff has alleged Defendant Robles maliciously withheld or fabricated information. *Stallings v. Chavez*, No. 6-17-CV-123-ADA, 2020 WL 2543299, at * 6 (W.D. Tex. May 19, 2020) (Granting motion to dismiss where plaintiff did not mention his indictment by the grand jury or what may or may have not occurred during the grand jury deliberations and also failed to plead that misrepresentations by each defendant to the intermediary were done maliciously); *Yager v. Stroman*, No. 1-17-CVV-217-ADA, 2020 WL 2615759, at * 6-7 (W.D. Tex. May 22, 2020) (same). If, as alleged by Plaintiff, Defendant Robles supplied a district attorney with false information for the purpose of wrongfully charging him and then Plaintiff was later indicted, at this stage, this is sufficient to presume the false information was presented to the grand jury by the district attorney. Further, Plaintiff has also alleged Defendant Robles used fabricated evidence to secure an arrest warrant. Again, as a motion to dismiss is decided on the pleadings and they must be taken as true, the undersigned does not believe the analysis here requires specific allegations as to what information was presented to the grand jury, especially when discovery has not yet taken place.

grounds upon which he relies. *Garza v. Guerra*, No. B-08-84, 2009 WL 136022, at *4-5 (S.D. Tex. Jan. 20, 2009) (citations omitted). At this point, Plaintiff need only state a plausible claim upon which relief can be granted.

Defendant further contends he is entitled to qualified immunity. Government officials performing discretionary duties can respond to § 1983 claims by asserting qualified immunity. *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (citing *Haverda v. Hays Cty.*, 723 F.3d 586, 598 (5th Cir. 2013). "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Government officials are given "breathing room to make reasonable but mistaken judgments" and "all but the plainly incompetent or those who knowingly violate the law" are protected. *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (citations omitted).

Once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of showing the defense does not apply. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). To satisfy this burden, Plaintiff must show: "(1) the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). As discussed above, the right to be from arrest without probable cause is a clearly established constitutional right. *Mangieri*, 29 F.3d at 1016. Therefore, Plaintiff must allege Defendant did not have probable cause to arrest him. Plaintiff has done so, alleging Defendant signed an affidavit

to secure his arrest knowing the information contained in the affidavit was false and also provided false, fabricated information to a county district attorney for the purpose of furthering his unlawful arrest. When an officer knowingly submits a false affidavit to obtain an arrest warrant, the arrest is without probable cause. *Franks*, 438 U.S. at 155-56. The undersigned recommends Defendant is not entitled to qualified immunity for the same reason that he is not entitled to the protections of the independent intermediary doctrine, given Plaintiff's specific allegations that Defendant made both misstatements and omissions to secure his arrest. For the reasons discussed above, the undersigned recommends that at this stage, Plaintiff's complaint is sufficient to defeat Defendant's Motion to Dismiss.

## V.   RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED**.  (D.E. 59).

Respectfully submitted on December 21, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).